### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FORT SMITH DIVISION

**J. CHRIS BROWN**                                                    **PLAINTIFF**

v.                                **CASE NO.  02:13-cv-02196-PKH**

**CITIBANK, N.A., AS TRUSTEE FOR THE**
**BENEFIT OF SWDNSI TRUST SERIES 2010-3**                 **DEFENDANT**

### CONSENT IN REM JUDGMENT AND DECREE OF FORECLOSURE

On January 20, 2015 came on for hearing the Fourth Amended Complaint Motion (Doc.

2) filed on behalf of J. Chris Brown ("Plaintiff") and the Answer and Counterclaim (Doc. 6) filed

on behalf of Citibank, N.A., as Trustee for the Benefit of SWDNSI Trust Series 2010-3

("Defendant"). Plaintiff appeared by and through his counsel, Chronister, Flake & Fields, PLLC,

by Rex W. Chronister. Defendant appeared by and through its counsel, Quattlebaum, Grooms &

Tull PLLC, by Geoffrey B. Treece. Based upon the pleadings on file herein, the settlement by

and between Plaintiff and the Defendant and the statements of undersigned counsel, the Court

finds and orders as follows:

      1.      Plaintiff is an individual resident of Sebastian County, Arkansas.

      2.      Defendant is a national banking corporation authorized to do business in the State

of Arkansas.

      3.      The real property on which foreclosure is sought is located in Sebastian County,

Arkansas.

      4.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332, as there is

complete diversity of citizenship between the parties and the amount in controversy exceeds

seventy-five thousand ($75,000.00) dollars.  Venue properly lies in this district pursuant to 28

U.S.C. § 1392 because the action is of a local nature and involves real property located in Sebastian County, within the Western District of Arkansas, Fort Smith Division.

     5.     The Soldiers and Sailors Relief Act of 1940, as amended, does not apply to the Plaintiff.

     6.     On November 19, 1999, Mercantile Bank of Arkansas, N.A. ("Mercantile") made a loan to Plaintiff in the amount of Ninety Thousand Seventy Five and 00/100 United States Dollars ($90,075.00), evidenced by a Note executed and delivered by Plaintiff and payable to the order of Mercantile.

     7.     The Note was secured by a Deed of Trust executed and delivered by Plaintiff to Mercantile on November 19, 1999, and filed of record November 23, 1999, in the Office of the Circuit Clerk and Ex-Officio Recorder for Sebastian County, Arkansas, in Book 23, Page 86 as Instrument No. 7005688 on certain real property located in Sebastian County, Arkansas, more particularly described as follows:

> **LOT 31, CANTERBURY PLACE, a subdivision in the City of Fort Smith, Arkansas. Less and except minerals and mineral rights. (the "Real Property").**

**Commonly known as: 2717 South 87th Drive, Fort Smith, AR 72903.**

     8.     On May 16, 2001, Firstar Bank, N.A., successor by merger to Mercantile, executed and delivered to Citimortgage, Inc. an assignment of the Note and Deed of Trust, which was filed of record June 5, 2001, in the Office of the Circuit Clerk and Ex-Officio Recorder for Sebastian County, Arkansas, as Instrument No. 7044718.  On March 9, 2011, Citimortgage, Inc. executed and delivered to Pennymac Corp. an assignment of the Note and Deed of Trust, which was filed of record April 4, 2011, in the Office of the Circuit Clerk and Ex-Officio Recorder for Sebastian County, Arkansas, as Instrument No. 2011F-04469.On July 19, 2011, Pennymac Corp.

assigned all of its interest in the Note and Deed of Trust to Defendant pursuant to an Assignment of Mortgage/Deed of Trust – Arkansas which was filed of record on July 28, 2011 in the Office of the Circuit Clerk and Ex-Officio Recorder for Sebastian County, Arkansas, as Instrument No. 2011F-10747.

9.     Plaintiff defaulted under the terms of the Note and Deed of Trust by failing to pay the indebtedness when and as the same became due and payable. As a result of said default, Defendant exercised its right to accelerate the remaining indebtedness due under the Note and the same remains wholly due and payable to the Defendant despite demand. Defendant's right to foreclose the Deed of Trust has become absolute.

10.    As of January 20, 2015, there remains due and owing to Defendant, principal in the amount of $76,325.55, accrued and unpaid interest in the amount of $25,148.81 other charges, costs and fees allowed under the Note and the Deed of Trust in the amount of $27,379.17, together with the Trustee's costs of collection and attorneys' fees.

11.    The Note and the Deed of Trust, as well as Ark. Code Ann. § 16-22-308, obligate the Plaintiff for the payment of a reasonable attorneys' fee and costs in enforcing the obligations under the Note and the Deed of Trust.

12.    Plaintiff's interest in the Real Property in the Real Property is inferior and subordinate to the interest of the Defendant.

13.    Defendant has a lien upon the Real Property which is first, paramount and prior to the right, title, claim, lien and interest of all others.

14.    As a result of the above described default, Defendant is entitled to recover judgment against the Real Property for all amounts due under the Note and the Deed of Trust and to foreclose its interest in the Real Property.

3

15.     Plaintiff's claims contained in the Fourth Amended Complaint against the Defendant are hereby dismissed with prejudice. Defendant's *in personam* claims contained in the Answer and Counterclaim against the Plaintiff are hereby dismissed with prejudice.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

A.      Defendant shall have and recover judgment *in rem* against the Real Property in the amount of $76,325.55, pre-judgment interest in the amount of $25,148.81, and other charges, costs and fees allowed under the Note and the Deed of Trust in the amount of $27,379.17.

B.      Defendant shall additionally have and recover judgment *in rem* against the Real Property for all costs of this action and reasonable attorney's fees in the amount of $12,499.84 and any sums expended pursuant to the Note and the Deed of Trust prior to the sale of the Real Property provided for herein.

C.      All amounts awarded pursuant to this Judgment shall bear interest from and after the date of entry of this Judgment at the contract rate of 7.750% per annum.

D.      That the judgments described in paragraphs (A) and (B) above and the Deed of Trust constitute a first and prior lien upon the Real Property and are superior to all other interests held or claimed in and to the Real Property including without limitation, any and all interests claimed by the Defendant, all rights or possibilities of dower or homestead, appraisement, any rights of redemption and the rights of any and all persons claiming under the foregoing.

E.      In the event the foregoing sums are not paid within ten (10) days from the date of this Judgment, the Circuit Clerk of Sebastian County, Arkansas, who is hereby appointed Commissioner, shall sell the Real Property at the door of the Sebastian County Courthouse in Fort Smith, Arkansas, at public auction, to the highest bidder, the date and hour of such sale to be fixed by said Commissioner. Notwithstanding the foregoing, the Commissioner's Sale shall not

4

be conducted prior to forty-five (45) days from the date of the filing of this Judgment, except as otherwise agreed by and between the parties in writing. Upon such sale all right, title, interest, estate and equity or possibilities of dower, redemption, curtesy, homestead or appraisement of the Defendant in the Real Property, or any one claiming by, through or under him shall be foreclosed and forever barred.

F.     The Commissioner will give notice of such sale for ten (10) days prior to the sale by publication in some newspaper having a *bona fide* circulation in Sebastian County, Arkansas, by at least one (1) insertion.

G.     The Real Property shall be sold on a credit of thirty (30) days. The purchaser on the date of sale shall be required to pay the full purchase price or pay ten (10) percent of the purchase price which is non-refundable and execute a bond, with a commercial corporate surety, bearing interest from the date of sale in the amount of the remainder of the purchase price until paid at the rate of five and three-quarters percent (5.75%) per annum, the payment of said purchase price to be secured by a lien upon the purchased property; provided, however, that if the Defendant becomes the purchaser at the sale for an amount not in excess of its judgment, interest and costs herein, in lieu of giving bond, it may credit the amount of its bid, less the cost of these proceedings, including the Commissioner's fee, on the judgment herein rendered at the time of confirmation of such sale, which credit shall be an extinguishment of its judgment with respect to the Real Property to the extent of such credit; and provided further that if its bid shall exceed the amount of the Judgment, interest and costs, it should be required to give bond only for the overplus. Any such overplus from the sale of the Real Property over and above the Defendant's Judgment, interest, and costs shall be paid over to the registry of the court and anyone who claims an equitable or legal interest in and to all or a portion of the overplus shall

petition the Court for a determination of each party's priority of interest and aliquot shares or proration, if any, thereunto said surplus. Should any successful bidder fail to perform under the instructions of the Commissioner at time of sale, then that bid shall be void and set aside. The Commissioner thereafter shall find that the Real Property be awarded to the next successive higher bidder, until performance is rendered.

H.     Such sale of the Real Property shall constitute a permanent bar to and shall foreclose all rights of redemption, dower, curtesy, homestead and appraisement and all other right, title, claim and interest in the Property which Plaintiff, as well as his heirs, personal representatives, successors or assigns or anyone claiming by, through or under the foregoing, may claim with respect to the Real Property.

I.     The Commissioner will report to the Court all actions taken hereunder.

J.     In the event the Judgment herein awarded is not paid as directed and the Real Property is sold by the Commissioner at a foreclosure sale, then upon application to the Clerk of this Court by the successful foreclosure sale purchaser, or the purchaser's attorney, showing that the possession of the purchased property has been withheld from such purchaser, the Clerk will issue and deliver forthwith to the Sheriff of whichever county where the property in question is located, a Writ of Assistance to enforce delivery of possession of the purchased property to the purchaser.

6

IT IS SO ORDERED.


_____
UNITED STATES DISTRICT JUDGE

DATE: _1 - 23 - 15_


**AGREED:**


QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Telephone:     (501) 379-1735
Facsimile:     (501) 379-1701
Email:  gtreece@qgtb.com


By:   /s/ Geoffrey B. Treece_____
      Geoffrey B. Treece (84146)

*Attorneys for Citibank, N.A., as Trustee
for the Benefit of SWDNSI Trust Series 2010-3*

CHRONISTER, FIELDS & FLAKE, PLLC
P.O. 66
Fort Smith, AR 72902
Telephone: (479) 783-4060
Facsimile: (479) 783-1571
Email: rexchronister@yahoo.com


By:   /s/ Rex W. Chronister_____
      Rex W. Chronister (79032)

*Attorneys for J. Chris Brown*

7